## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER:  24-31161 |
| | § | |
| ELIZABETH LYNNE NOBLES | § | |
| | § | |
| DEBTOR | § | (Chapter 7) |

### EMERGENCY MOTION OF THE UNITED STATES TRUSTEE
### TO ENLARGE TIME TO FILE A MOTION TO DISMISS UNDER 11 U.S.C. § 707(b) OR
### A COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. §§ 523 AND 727

**BLR 9013 NOTICE: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Kevin M. Epstein, the United States Trustee for Region 7, who respectfully moves this Court, pursuant to Fed. R. Bankr. P. 1017(e)(1), 4004(b), 4007(c) and 9006(b)(3), for entry of an order delaying entry of the Debtor's discharge and enlarging for a period of 60-days the time to file a motion, pursuant to 11 U.S.C. § 707(b), or an objection to discharge, pursuant to 11 U.S.C. §§ 523 and 727, and represents as follows:

#### I. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334.  This is

a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district under 28 U.S.C. § 1408.

2.      The Court has constitutional authority to enter a final order in this matter.  If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the United States Trustee consents to the entry of a final order or judgment by this Court in this matter.

3.      Kevin M. Epstein is the duly appointed United States Trustee for Region 7 (the "U.S. Trustee"), which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

4.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.  Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in liquidation bankruptcy cases under chapter 7 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress.  28 U.S.C. § 586(a)(3)(G).

**II. Factual Background**

6.      On March 16, 2024 (the "Petition Date"), Elizabeth Lynne Nobles (the "Debtor") filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code. The U.S. Trustee appointed Randy W. Williams (the "Chapter 7 Trustee") to serve as the chapter 7 trustee in this case, and he continues to serve in that capacity.

7.      On April 24, 2024, the Chapter 7 Trustee held the first meeting of creditors in Debtor's bankruptcy case. The Debtor appeared & provided testimony. Due to errors and

2

inconsistencies in Debtor's Means Test pointed out by the U.S. Trustee representative who attended the meeting of creditors, the meeting was continued to May 16, 2024, by the Chapter 7 Trustee.

8.      On May 16, 2024, the Chapter 7 Trustee conducted and continued the meeting of creditors to June 12, 2024, at the request of the U.S. Trustee to allow the U.S. Trustee time to review the support documentation provided by Debtor's counsel the morning of May 16, 2024, and to allow Debtor to file an amended Means Test.

9.      On June 12, 2024, the U.S. Trustee's representative advised Debtor & Debtor's counsel that the income reflected on Debtor's Amended Means Test (ECF #22) is understated and that the U.S. Trustee calculates the presumption of abuse does arise in this matter. Debtor's meeting of creditors was concluded on June 12, 2024.

10.     To date, the Debtor has not received a discharge

11.     It is anticipated that the Debtor will file a Second Amended Means Test. Because the last day to object to Debtor's discharge is June 24, 2024, and because the U.S. Trustee calculates that the Presumption of Abuse arises in this matter, the U.S. Trustee requires additional time to review anticipated amendments to be filed by Debtor and analyze the case for the potential filing of a 707(b) or 727 action.

### III. Cause to Enlarge

12.      Federal Rules of Bankruptcy Procedure 1017(e)(1), 4004(b), and 4007(c) permit a court to enlarge the period to file a motion to dismiss under 11 U.S.C. § 707(b) and an objection to discharge under 11 U.S.C. §§ 523 and 727, provided the U.S. Trustee files a motion before the time expires.

13.     The deadline by which a party-in-interest must file an objection to discharge or a

3

motion to dismiss is June 24, 2024. The U.S. Trustee requests **a 60-day extension of the deadlines, to August 23, 2024.** The Debtor does not oppose the relief requested by this motion.

14.     Cause exists to enlarge the period to file a motion under 11 U.S.C. § 707(b) and an objection to discharge under 11 U.S.C. §§ 523 and 727, because the U.S. Trustee needs additional time to: (i) review forthcoming amendments to substantiate the Debtor's testimony and schedules and analyze the case for potential filing of a 707(b) or 727 action, and, if necessary (ii) conduct a Rule 2004 examination of the Debtor. Without additional time, and an opportunity to examine the Debtor, the U.S. Trustee cannot complete its investigation into the Debtor's right to a discharge.

### IV.  Basis for Emergency Relief – Deadline to Object is June 24, 2024

15.     As reflected above, the deadline by which a party-in-interest must file an objection to discharge or a motion to dismiss is June 24, 2024. Accordingly, the U.S. Trustee requests the Court's emergency consideration and hearing on this Motion.

### V.  Prayer

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an order under Fed. R. Bankr. P. 1017(e)(1), 4004(b), 4007(c), and 9006(b)(3) delaying entry of the Debtor's discharge and extending for a period of 60 days the date by which parties-in-interest must file in this case a motion under 11 U.S.C. § 707(b) or an objection to discharge under 11 U.S.C. §§ 523 and 727, and for any and all further relief as is equitable and just.

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

DATED: June 24, 2024                    By: */s/ Jana Smith Whitworth*
                                        Jana Smith Whitworth

Texas Bar No. 00797453/Fed. ID No. 20656
515 Rusk, Suite 3516
Houston, Texas  77002
(713) 718-4650
(713) 718-4670 Fax
Email: Jana.Whitworth@usdoj.gov


CERTIFICATE OF ACCURACY PURSUANT TO LOCAL RULE 9013-1(I)

I hereby certify the accuracy of the matters and facts set forth in the foregoing motion.

*/s/Jana Smith Whitworth*
Jana Smith Whitworth


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following parties by United States Mail, first class, postage prepaid, by email, or ECF transmission on the June 24, 2024.

*/s/ Jana Smith Whitworth*
Jana Smith Whitworth

DEBTOR:
Elizabeth Lynne Nobles
17310 Heritage Cir.
Webster, TX 77598

DEBTOR'S COUNSEL:
David Torok                        (Via ECF and Email at: david@toroklawfirm.com)
The Torok Law Firm, P.C.
1414 S. Friendswood Dr., Suite 226A
Friendswood, TX 77546

CHAPTER 7 TRUSTEE:
Randy W. Williams                (Via ECF and E-Mail at: rww@bymanlaw.com)
Byman & Associates, PLLC
7924 Broadway
Suite 104
Pearland, TX 77581